| √ FILED | ___ LODGED |
| ___ RECEIVED | ___ COPY |

AUG 0 6 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1    ELIZABETH A. STRANGE
     First Assistant United States Attorney
2    District of Arizona

3    GARY M. RESTAINO
     Ariz. State Bar No. 017450
4    MONICA B. KLAPPER
     Ariz. State Bar No. 013755
5    Assistant U.S. Attorneys

6    Two Renaissance Square
     40 N. Central Ave., Suite 1800
7    Phoenix, Arizona 85004
     Telephone: 602-514-7500
8    Gary.Restaino@usdoj.gov
     Monica.Klapper@usdoj.gov
9    Attorneys for Plaintiff

10

11             IN THE UNITED STATES DISTRICT COURT

12                FOR THE DISTRICT OF ARIZONA

13

14    United States of America,

15              Plaintiff,

16        vs.

17    1.   David John Dziedzic (Counts 1 & 2),

18    2.   Heather Hamilton Dziedzic
         (aka Heather Cook) (Counts 1 & 3),

19    3.   Jason Carl Poyner (Count 4), and

20    4.   Andrew Joseph Jemmett (Count 5),

21             Defendants.

NO. CR-18-01080-PHX-DGC

**I N F O R M A T I O N**

VIO:   Willful Communication of
       Unregistered Securities, 15 U.S.C. §
       77e, 77x & 18 U.S.C. § 2
       (Count 1)

       Failure to File form 8300, 31 U.S.C.
       § 5324(a)(1), (d)(1)
       (Count 2)

       Unfair Competition, 15 U.S.C. § 13a
       (Count 3)

       Misprision of Felony, 18 U.S.C. § 4
       (Count 4)

       False Statement in HUD Transaction,
       18 U.S.C. § 1010
       (Count 5)

       18 U.S.C. §§ 981, 982
       21 U.S.C. § 853
       28 U.S.C. § 2461(c)
       31 U.S.C. § 5317(c)(1)
       (Forfeiture Allegation)

22

23

24

25

26

27

28

THE UNITED STATES ATTORNEY'S OFFICE CHARGES:

## Count One
### Willful Communication of Unregistered Securities
### (15 U.S.C. § 77e, 77x & 18 U.S.C. § 2)

On or about August 23, 2012, in the District of Arizona, Defendant DAVID DZIEDZIC, aided and abetted by Defendant HEATHER DZIEDZIC, willfully made use of any means or instrument of interstate communication and the mails to communicate the sale of an unregistered security.  More specifically, on that date, D. DZIEDZIC entered into a joint venture agreement and a promissory note with Island Dreamers in exchange for money, constituting the sale of a security that was neither registered nor exempt from registration, and in doing so used the mails and other forms of interstate commerce to communicate the offer.  H. DZIEDZIC assisted with the joint venture agreement, and both D. DZIEDZIC and H. DZIEDZIC made commissions on the sale.

This conduct was in violation of 15 U.S.C. § 77e and 77x and 18 U.S.C. § 2.

## Count Two
### Failure to File Form 8300 for Cash Transactions
### (31 U.S.C. § 5324(a)(1), (d)(1))

On or about September 13, 2011 and September 28, 2011, in the District of Arizona, Defendant DAVID DZIEDZIC knowingly accepted $13,049 or more and failed to file an I.R.S. Form 8300 with the Treasury Department, as required by 31 U.S.C. § 5313 and Title 26 C.F.R. § 1.6050I.  More specifically, on those dates, DZIEDZIC accepted cashier's checks for a total of $13,049 from S.R., related to the short sale of her property on E. Hazelwood St. in Scottsdale, AZ, and failed to file the required I.R.S. Form 8300.

This conduct was in violation of 31 U.S.C. § 5324(a)(1) and (d)(1).

## Count Three
### Unfair Competition
### (15 U.S.C. § 13a)

Between about December of 2011 and December of 2013, in the District of Arizona, Defendant HEATHER DZIEDZIC, acting in the course of interstate commerce, was a party

- 2 -

to transactions of sale that knowingly provided discounts, rebates, and allowances to purchasers that were not available to other purchasers, and did so, in part, for the purpose of destroying competition and eliminating a competitor. More specifically, during that period, HEATHER DZIEDZIC, operating through her company Real Core Realty, LLC, circumvented the arms-length transaction restrictions applicable to short sales of residential property and thereby enabled her company to eliminate competition from other real estate companies.

This conduct was in violation of 15 U.S.C. § 13a.

## Count Four
## Misprision of Felony
## (18 U.S.C. § 4)

On or about August 10, 2012, in the District of Arizona, JASON POYNER knew that a felony offense occurred, failed to notify law enforcement, and took affirmative steps to conceal the offense.. More specifically, on that date, POYNER knew that materially false statements were made on a HUD-1 Settlement Statement (in violation of 18 U.S.C. § 1001) and that the offense of making false statements was punishable by more than a year in prison, and POYNER failed to notify authorities of the offense and assisted in affirmatively concealing the offense from authorities.

This conduct was in violation of 18 U.S.C. § 4.

## Count Five
## False Statement in HUD Transaction
## (18 U.S.C. § 1010)

On or about February 10, 2014, in the District of Arizona, Defendant ANDREW JEMMETT knowingly made a materially false statement in conjunction with a residential mortgage loan insured by the Department of Housing and Urban Development, and did so for the purpose of influencing the actions of the Department. More specifically, on that date, ANDREW JEMMETT, acting as an employee of Real Core Realty, LLC, included a fake lien on short-sale documents for a property located on 186th Drive in Buckeye,

1   Arizona, and a portion of that lien was paid by the financial institution and then reimbursed

2   to the financial institution by the Federal Housing Administration, an agency of the

3   Department.

4        This conduct was in violation of 18 U.S.C. § 1010.

5   **FORFEITURE ALLEGATION**

6        The factual allegations contained in Count Two of this Information are hereby re-

7   alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to

8   Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 28, United States

9   Code, Section 2461(c), and Title 31, United States Code, Section 5317(c)(1).

10       Upon conviction of the offense in violation of Title 31, United States Code, Section

11  5324 set forth in Count Two of this Information, DAVID DZIEDZIC shall forfeit to the

12  United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C)

13  and 982, Title 28, United States Code, Section 2461(c), and Title 31, United States Code,

14  Section 5317(c)(1), any property, real or personal, which constitutes or is derived, directly

15  or indirectly, from gross proceeds traceable to the commission of the offenses, including

16  but not limited to the following property involved and used in the offense, to wit:  a sum

17  of money equal to $142,000.

18       If any of the property described above, as a result of any act or omission of the

19  defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred

20  or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of

21  the court; (d) has been substantially diminished in value; or (e) has been comingled with

22  other property that cannot be divided without difficulty, the United States of America shall

23  be entitled to forfeiture of substitute property pursuant to Title 21, United States Code,

24  Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

25

26

27

28

- 4 -

1    Dated this 6th day of August, 2018.

2                                              ELIZABETH A. STRANGE
                                               First Assistant United States Attorney
3                                              District of Arizona

4

5                                              GARY M. RESTAINO
                                               MONICA B. KLAPPER
6                                              Assistant U.S. Attorneys

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -